1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
8                     FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10   CHARLES WILLIAMS,                          No. 2:20-cv-1513-EFB P
11                  Plaintiff,
12       v.                                      ORDER
13   SACRAMENTO COUNTY,
14                  Defendant.
15

16        Plaintiff is a former county jail inmate proceeding without counsel in an action brought

17   under 42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he has also filed an

18   application to proceed in forma pauperis (ECF No. 2).  For the reasons stated hereafter, his

19   application to proceed in forma pauperis is granted but his complaint is dismissed with leave to

20   amend.

21                      Application to Proceed In Forma Pauperis

22        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1).

23   Accordingly, plaintiff's request to proceed in forma pauperis is granted.

24                                    Screening

25       I.     Legal Standards

26        Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

27   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

28   which relief may be granted, or seeks monetary relief against an immune defendant.

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must

16   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19   grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

20   II.      Analysis

21   Plaintiff appears to allege he was housed at the Rio Cosumnes Correctional Facility as a

22   pre-trial detainee.  *See* ECF No. 1 at 3 (noting he was "treated guilty before proven innocent").

23   He claims he was "placed in COVID 19 harms way," because the conditions of his confinement

24   did not allow social distancing, masks were not available, and no testing was done.  *Id.*  Plaintiff

25   seeks 12.5 million dollars in damages.  *Id.*

26   The complaint cannot survive screening for three reasons.  First, plaintiff has not alleged

27   any harm to warrant the relief he requests.  He does not, for instance, allege that he has contracted

28   coronavirus, and he is not currently confined at the jail and allegedly currently at risk based on

1    conditions at the jail.  Second, he does not identify a claim for relief or identify any particular

2    individual who caused him any harm.  And finally, he has not pleaded facts to state a claim

3    against "Sacramento Co.," the only defendant he has identified.  A county is only liable under

4    section 1983 if plaintiff shows that his constitutional injury was caused by employees acting

5    pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*,

6    429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691

7    (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Here,

8    plaintiff has failed to identify the existence of any County policy.  If plaintiff wishes to proceed

9    with a claim against Sacramento County, he must identify a specific policy and plead facts

10   demonstrating that the policy is what caused a violation of his constitutional rights pursuant to 42

11   U.S.C. § 1983.  The court will grant leave to amend so that plaintiff may articulate his claims

12   with greater detail and specificity.

13              III.    Leave to Amend

14           Plaintiff is cautioned that any amended complaint must identify as a defendant only

15   persons who personally participated in a substantial way in depriving him of his constitutional

16   rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

17   deprivation of a constitutional right if he does an act, participates in another's act or omits to

18   perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also

19   include any allegations based on state law that are so closely related to his federal allegations that

20   "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

21           The amended complaint must also contain a caption including the names of all defendants.

22   Fed. R. Civ. P. 10(a).

23           Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

24   *George v. Smith*, 507 F.3d 605 at 607.

25           Any amended complaint must be written or typed so that it so that it is complete in itself

26   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

27   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

28   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

1  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

2  being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

3  1967)).

4         Any amended complaint should be as concise as possible in fulfilling the above

5  requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

6  background which has no bearing on his legal claims.  He should also take pains to ensure that his

7  amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

8  and organization.  Plaintiff should carefully consider whether each of the defendants he names

9  actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

10  which plaintiff names dozens of defendants will not be looked upon favorably by the court.

11  <u>Conclusion</u>

12         Accordingly, it is ORDERED that

13         1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

14         2.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days

15  from the date of service of this order; and

16         3.  Failure to file an amended complaint that complies with this order may result in the

17  dismissal of this action for the reasons stated herein.

18  DATED:  September 29, 2020.

19

20              EDMUND F. BRENNAN

            UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28